9 F.3d 107
 17 Employee Benefits Ca 1900
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Judith HEIL, Plaintiff-Appellant,
v.
NATIONWIDE LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 92-3091.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 Before: RYAN and SUHRHEINRICH, Circuit Judges; and CONTIE, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Judith Heil appeals the district court's grant of summary judgment for defendant Nationwide Life Insurance Company in this 28 U.S.C. Sec. 1132(a)(1)(B) action seeking coverage for in-patient psychiatric care under an ERISA health benefits plan. The district court entered judgment for Nationwide after concluding that Mrs. Heil's in-patient psychiatric care was not "medically necessary" and was therefore not covered by Nationwide's benefits plan.
 
 
 2
 We hold that a remand is in order for two reasons. First, the district court should have reviewed the entire plan and made its own determination regarding the appropriate standard of review rather than rely on the stipulation made by the parties. Second, the district court erred when it determined, as a matter of law, that Mrs. Heil's in-patient treatment was not "medically necessary." Consequently, we shall vacate the summary judgment order and remand for further proceedings.
 
 I.
 
 3
 Mrs. Heil is in her mid-50's and has a long history of severe psychiatric illness. Over the past twenty years she has been seen by a number of psychiatrists and mental health professionals. In September 1989, she was hired by Gates McDonald, Inc., a subsidiary of Nationwide Life Insurance Company. As an employee of Gates, she became eligible for health and long-term disability insurance coverage under the Nationwide Employee Benefit Plan (the plan). In July 1990, Heil was voluntarily admitted to an in-patient psychiatric program on the recommendation of her psychiatrist, Randy Beem, M.D. After Heil applied to Nationwide for coverage for the long-term in-patient treatment, Nationwide referred the claim to Preferred Health Care (PHC) to review whether the in-patient treatment was "medically necessary." According to the plan's policy, medically necessary is defined as
 
 
 4
 general acceptance by the medical profession as appropriate for a covered condition and the procedures are determined safe, effective, and non-investigational by professional standards.
 
 
 5
 PHC's consulting psychiatrist, Robert Polsky, M.D., determined that the in-patient treatment was not medically necessary. As a result, Nationwide notified Heil and her doctor that coverage would cease on September 21, 1990. Nationwide did not refuse all treatment for Heil and confirmed that it would continue to cover the costs of out-patient treatment as covered by the plan.
 
 
 6
 Heil and her physician made several appeals to Nationwide for reconsideration. The parties could not mutually agree to an independent doctor to examine Heil for a determination as to her medical needs. Both PHC's medical director of case management services and a New York psychiatrist hired by Nationwide reviewed Heil's file on appeal. Both determined that the in-patient treatment was not a medical necessity. Eventually, Nationwide indicated it would cease coverage for the in-patient services on December 20, 1990.
 
 
 7
 Heil brought an action for declaratory judgment in the Franklin County Court of Common pleas seeking a temporary restraining order and injunctive relief. The state judge ordered Nationwide to maintain the status quo and continue coverage for the in-patient care until the TRO motion was heard. Nationwide removed the case, which arose under ERISA, 29 U.S.C. Sec. 1132(a)(1)(B), to federal district court, pursuant to 29 U.S.C. Sec. 1132(e)(1) and 28 U.S.C. Secs. 1441 and 1446. Nationwide motioned the district court to dissolve the state order maintaining the status quo, but the motion was denied. On January 25, 1991, the district court denied Heil's motion for a temporary restraining order based on a finding that Heil failed to show that she was likely to succeed on the merits. Both sides then moved for summary judgment.
 
 
 8
 The district court granted Nationwide's motion for summary judgment. Nationwide's three psychiatrists determined that in-patient care was not medically necessary; however, Heil's physician and two other colleagues who treated her believed in-patient care was appropriate. The court found that Heil's doctor based his recommendation of in-patient treatment "not on the likelihood of a successful outcome, but on the repeated failures of other types of treatment." Based on the record, the court could not find that in-patient treatment was generally accepted by the medical profession as appropriate for Heil's condition. The court concluded that the treatment was not medically necessary and that Nationwide's decision to terminate coverage of in-patient care was not contrary to the terms of the insurance contract.
 
 II.
 
 9
 We review the district court's grant of summary judgment de novo. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. Viewing the evidence in the light most favorable to the nonmoving party, we must determine "whether the evidence presents a sufficient disagreement to require submission to [the factfinder] or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).
 
 A.
 
 10
 In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), the Supreme Court held that "a denial of benefits challenged under Sec. 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." If the plan grants the administrator discretion, the district court gives the administrator's decision more deference and reviews a denial of benefits under an "arbitrary and capricious" standard. Callahan v. Rouge Steel Co., 941 F.2d 456 (6th Cir.1991). Here, the parties agreed that the plan did not grant Nationwide any discretionary authority to carry out its duties under the plan. As a result, both parties stipulated that the district court should review Nationwide's decision de novo, and the district court, without reviewing the plan documents, agreed. We, however, are not satisfied that the district court could properly have made this determination without analyzing the language of the plan. Moreover, because the plan was not included in the record, we have no way of determining what standard of review is appropriate.
 
 
 11
 This court has interpreted Firestone to require that the plan "expressly" give discretionary authority to the plan administrator. Perry v. Simplicity Engineering, 900 F.2d 963, 965 (6th Cir.1990). However, in Johnson v. Eaton Corp., 970 F.2d 1569 (6th Cir.1992), this court noted that "discretionary authority" does not "hinge[ ] on incantation of the word 'discretion' or any other 'magic word.' " Id. at 1572 n. 2 (citation omitted). The plan in Johnson provided the administrative committee with the power and authority "as may be necessary" to carry out the provisions of the plan, and it authorized the committee to decide benefit appeals. After reviewing the entire benefits plan, the Johnson court determined that the plan was not "devoid of discretion-granting language" and, as a result, determined that the district court should apply the "arbitrary and capricious" standard of review.[1] Id. at 1572.
 
 
 12
 Heil and Nationwide stipulated that the plan did not expressly grant Nationwide any discretion. However, only the language of the plan itself, and not agreement by the parties, governs whether the plan grants Nationwide discretion to determine what treatment is "medically necessary." Whether the plan language confers that discretion is a question of law. The plan documents were not before the district court and are not before this court. In spite of our instructions to the parties to brief the issue whether the standard used by the district court was correct, the parties simply reiterated their positions below and asserted that the plan did not grant discretion. Neither party supported its position with citation to the plan language.
 
 
 13
 We do not know whether Nationwide's plan is "devoid of [the] discretion-granting language" found in the Johnson plan. It may be possible that the plan grants Nationwide some discretion, particularly with regard to the decision under review; indeed it is very likely.[2] As a practical matter, Nationwide had to exercise some discretion when it determined that Heil's in-patient treatment was not medically necessary because it had to decide whether to adopt the recommendation of the consulting physicians or the conflicting recommendation of Heil's treating doctor. Furthermore, Nationwide had to exercise some discretion when it considered Heil's appeals. These factors alone may not warrant a finding that "arbitrary and capricious" review is appropriate; but neither does the parties' stipulation that the plan provides for no grant of discretion necessarily warrant a finding that de novo review is proper.
 
 
 14
 It was the district court's duty to determine whether the plan grants discretionary authority and what standard of review is appropriate. These are legal issues that the district court could properly have resolved only after reviewing the relevant plan documents.[3] We therefore remand to the district court with instructions to determine the proper standard based on its own review of the entire plan.
 
 B.
 
 15
 We also conclude that the district court erred by determining that, as a matter of law, Heil's in-patient treatment was not medically necessary. Because the district court applied a de novo standard of review to the administrator's decision, the court was required to make a factual finding when it determined whether Heil's in-patient psychiatric care was "medically necessary."
 
 
 16
 Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. In Anderson, the Supreme Court stated: "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." 477 U.S. at 248; see also Boyd v. Ford Motor Co., 948 F.2d 283, 285 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). Clearly, whether in-patient treatment for Heil is "medically necessary" is material. Heil's entire claim depends on her ability to convince the factfinder that the in-patient care is necessary.
 
 
 17
 The dispute must also be "genuine"; that is, it must concern evidence upon which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. Viewing the evidence in a light most favorable to the nonmoving party, see Anderson, 477 U.S. at 255, the court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. See also Boyd, 948 F.2d at 285.
 
 
 18
 The district court was confronted with the differing opinions of several doctors on whether in-patient care was "medically necessary" and acknowledged that the opinions were "conflicting." Three psychiatrists hired as Nationwide consultants determined that Heil's treatment was not medically necessary. But her treating physician and at least two of his colleagues found that the in-patient care was necessary. It is possible that a reasonable factfinder might return a verdict in favor of Heil on the basis of her treating physician's diagnosis and reports. Consequently, whether her treatment was "medically necessary" is a genuine issue of material fact, and the district court acted improperly when it decided this issue as a matter of law on a motion for summary judgment.
 
 III.
 
 19
 We conclude that the district court erred when it failed to review the complete plan and make its own determination whether the plan granted Nationwide discretionary authority to decide what treatment is "medically necessary." We also conclude that, even assuming no discretion was authorized under the plan and de novo review was proper, the district court erred in determining that, as a matter of law, the treatment was not "medically necessary." The issue of medical necessity was a genuine issue of material fact and was improperly resolved in the order granting summary judgment under the de novo review applied by the district court to the administrator's decision.
 
 
 20
 We therefore VACATE the summary judgment order and REMAND for further proceedings consistent with this opinion.
 
 
 21
 Suhrheinrich, Circuit Judge, dissenting.
 
 
 22
 I agree with the majority that the district court had an independent obligation to review the plan policy, despite the parties' stipulation, because the plan language controls the legal issue of what standard of review is to be employed by the court. However, a remand to correct the error is pointless in this case, because the district court's review was the more inclusive of the two possible. In other words, upon remand, even if the district court determines that it should have employed an arbitrary and capricious standard of review, the result will be the same: if plaintiff lost under the de novo standard, she will most certainly lose under the more deferential arbitrary and capricious standard of review.
 
 
 23
 More importantly, the district court has already done what it was supposed to do. In reversing, the majority latches onto conflicting testimony of plaintiff's treating physicians to conclude that whether plaintiff's treatment was "medically necessary" is a genuine issue of material fact to be decided by a "reasonable factfinder;" and directs the district court to be that "factfinder." The problem with this conclusion is that in ERISA cases such as this one, the role of the district court is to review the record, not to make it. As we noted in Perry v. Simplicity Engineering, 900 F.2d 963 (6th Cir.1990), "Bruch[1] does not contemplate a de novo hearing, but rather a de novo consideration of the proper interpretation of the plan and whether an employee is entitled to benefits under it." Id. at 966 (emphasis in original).
 
 
 24
 Here the district court, following the dictates of Perry, reviewed the evidence presented to the plan administrator and "simply decide[d] whether or not it agree[d] with the decision under review." Perry, 900 F.2d at 966 (quoted by district court). Likewise noting that it was confronted with differing opinions the district court stated that its role was "to consider the opinions of the various qualified experts ... to decide whether inpatient care was medically necessary for plaintiff." The court concluded that plaintiff's doctor had based his recommendation of inpatient treatment not on the likelihood of a successful outcome, but on the repeated failures of other types of treatment. Thus, defendant's decision to terminate coverage was not contrary to the terms of the insurance contract as inpatient care was not "medically necessary" as that term was defined in the plan.
 
 
 25
 The problem here stems in part from the mechanism by which the issue is presented to the district court. Parties present their case via Fed.R.Civ.P. 56, because it allows them to supply the court with the evidence necessary to resolve the dispute. Yet the Rule 56 standard of review does not graft neatly onto the standard set out in Perry for district courts in reviewing a plan administrator's decision in an ERISA case. In my opinion, the district court properly recognized the factual dispute concerning the appropriateness of inpatient medical treatment for plaintiff, and made a de novo determination in light of the plan language and the record before the administrator. For these reasons, I would affirm.
 
 
 
 [1]
 The Johnson court contrasted its plan with that in Brown v. Ampco-Pittsburgh Corp., 876 F.2d 546, 550 (6th Cir.1989), a plan that provided that eligibility for termination pay would be automatic upon the occurrence of a particular event. The Brown court had found that the plan before it did not grant the administrator any discretionary authority and that de novo review was the proper standard for the district court
 
 
 [2]
 "[D]iscretion is not an all-or-nothing proposition. A plan can give an administrator discretion with respect to some decision, but not others." Anderson v. Great West Life Assur. Co., 942 F.2d 392, 295 (6th Cir.1991)
 
 
 [3]
 On appeal, Heil argues that the district court erred because it failed to include the entire plan in the record, but it appears that Heil did not argue this point before the district court. We decline to address whether this issue is waived. However, we find that regardless whether either party properly raised the issue of the absent plan, the district court, as a matter of law, was required to review the entire plan so that it could properly determine what standard of review was appropriate
 
 
 [1]
 Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989)